NATHAN KESSMAN, an Infant, by ISIDOR KESSMAN, His Guardian ad
Litem, Appellant, v. THOMAS HEALY, Respondent.— Judgment and order
reversed and new trial granted, with costs to abide the event, upon the
ground that the rulings at folios 133 and 338 constituted error prejudicial
to plaintiff's case, such as to require a new trial, as the case upon the merits
was a close one. Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ., concur.

WILLIAM S. LEEDS, Appellant, v. MARY E. JOYCE (or FREEDLEY), also
· Known as MAY E. JOYCE and MAY J. LEEDS, Respondent.— Order affirmed,
with ten dollars costs and disbursements. No opinion. Jenks, P. J., Mills,
Blackmar, Kelly and Jaycox, JJ., concur.

JOHN E. LELONG, Respondent, v. THE FARMERS' LOAN AND TRUST COM-
PANY and HELENE LUCAS JONES, as Administrators, etc., of PHILIP LIVING-
STON JONES, Deceased, Appellants.— Judgment and order unanimously
affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Putnam,
Blackmar and Kelly; JJ.

WILLIAM MACMAHON, an Infant, by WILLIAM G. MACMAHON, His Guar-
dian ad Litem, Respondent, v. PURE OIL COMPANY, Appellant.— Judgment
and order unanimously affirmed, with costs. No opinion. Present —
Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ.

WILLIAM G. MACMAHON, Respondent, v. PURE OIL COMPANY, Appellant.
— Judgment and order unanimously affirmed, with costs. No opinion.
Present — Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ.

HARRY A. MEOLA, Respondent, v. THOMAS J. O'NEILL, Appellant.—
Order affirmed, with ten dollars costs and disbursements. No opinion.
Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ., concur.

BENJAMIN F. MOATS, Plaintiff, v. ISLAND OIL AND TRANSPORT
CORPORATION, Defendant.— Judgment for plaintiff, without costs. Few
phrases convey a meaning more fixed and rigid than the expression " gross
proceeds." It means the sum at which the goods are sold, even if this
involved the expense of carriage to market. Therefore, it is distinguished
from net proceeds where freight and landing charges are deducted. (Lamar
Ins. Co. of New York v. McGlashen, 54 Ill. 513; McMurphy v. Garland, 47
N. H. 316.) " Gross proceeds derived by the purchasers * * * from
the sale of oil " is a formula peculiarly fitting as a basis to compute a royalty,
since it removes from controversy the entire question of deductions incurred
in .such sales. To shade down and revise this clause because of the place of
sale would unmake a mercantile contract after the contracting parties have
established its terms with certainty. Jenks, P. J., Mills, Rich, Putnam and
Blackmar, JJ., concur.

ANDREW NICOLA, Respondent, v. JACOB MEURER, Appellant.— Findings
of fact numbered V, VI, VII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII,
XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, XXVII,
XXVIII, XXIX, XXX and XXXI, are reversed, and the judgment modified
by reducing the recovery to the sum of $1,492, with interest, and as modified
affirmed without costs. Rich, Blackmar and Jaycox, JJ., concur; Putnam
and Kelly, JJ., vote to sustain findings V, XIV and XXIV, thereby reducing
the recovery to $2,225.60.